826 F.2d 1059
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arshad BAIG, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 87-3009
 United States Court of Appeals, Fourth Circuit.
 Argued June 2, 1987.
Decided Aug. 13, 1987.
 
 David Carliner (Carliner & Remes, P.C., on brief), for petitioner.
 Linda Susan Wenndtland, United States Department of Justice, Office of Immigration Litigation (Richard K. Willard, Assistant Attorney General; Richard M. Evans, Assistant Director; Eloise Rosas, Office of Immigration Litigation, Civil Division, Department of Justice, on brief), for respondent.
 Before WIDENER, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Arshad Baig appeals from the Board of Immigration Appeals' (Board) order affirming an immigration judge's order of deportation. The immigration judge, after a hearing, had ordered Baig deported from the United States. She had found that Baig was an alien convicted of a narcotics violation, 8 U.S.C. Sec. 1251(a)(11),[1] and denied his application for a waiver of deportation, 8 U.S.C. Sec. 1182(c). Baig appealed to the Board, which affirmed the immigration judge's decision. On appeal to this court, Baig contends that the Board erred in dismissing his appeal because he was denied a fair hearing before the immigration judge. We disagree and affirm the Board's order.
 
 
 2
 Baig, a permanent resident alien of the United States, was convicted in federal court in October 1982 of distribution of heroin and of possession with intent to distribute heroin. He was sentenced to five years in prison. In July 1985, while still in prison, Baig was served with an Order to Show Cause why he should not be deported because of his conviction. On March 20, 1986, he appeared at an initial hearing before an immigration judge and denied that he was deportable under 8 U.S.C. Sec. 1251(a)(11). Baig was represented by Robert A. Remes, a member of the law firm of Carliner and Remes. At the conclusion of that proceeding, the immigration judge scheduled a hearing on the merits of Baig's deportation case for June 6, 1986.
 
 
 3
 Although Remes had represented Baig at the initial hearing, Baig at some undisclosed time decided that he would rather have Remes' partner, David Carliner, represent him at the June 6 hearing. Carliner initially agreed to represent Baig at this hearing, but later made plans to be out of the country on June 6. Accordingly, on May 20 Baig requested that the June 6 hearing be continued until Carliner returned. On May 29 the immigration judge denied Baig's request and informed him that the hearing would be held on June 6 as scheduled.
 
 
 4
 On the morning of June 6, Remes appeared before the immigration judge and requested that Baig's hearing be continued until Carliner's return. The judge denied his request. When Baig arrived at the hearing, he too requested a continuance, which was also denied. The immigration judge informed Baig that he could either represent himself or allow Remes (who was still present) to represent him. Baig adamantly refused to allow Remes to represent him. Instead, he chose to represent himself, although he continued to insist throughout the hearing that it should be continued until Carliner's return.
 
 
 5
 During the hearing, the government and Baig introduced evidence in support of their respective positions. To show that Baig was deportable under 8 U.S.C. Sec. 1251(a)(11), the government introduced evidence of Baig's criminal conviction. To show that he was entitled to a waiver of deportation, Baig introduced the testimony of family members who described his love and devotion toward them and the hardship it would cause for them if he was deported. They also testified concerning Baig's respected standing in the community. At the conclusion of the evidence, Baig requested that the record be kept open so that he could supplement it at a later date with more testimonial and documentary evidence of good character. The immigration judge denied the request and issued an oral decision at the close of the hearing. She found that Baig was deportable under 8 U.S.C. Sec. 1251(a)(11), rejected Baig's argument that the countervailing equities entitled him to a waiver of deportation under 8 U.S.C. Sec. 1182(c), and ordered him deported from the United States. Baig appealed to the Board of Immigration Appeals, which affirmed the immigration judge's decision. This appeal follows.
 
 
 6
 On appeal, Baig contends that he was denied his right to a full and fair hearing before the immigration judge because he was not allowed to be represented by the counsel of his choice and because he was not allowed to keep the record open. We find no merit in either contention.
 
 
 7
 An alien subjected to deportation proceedings is, of course, entitled to due process of law, see Committee of Central American Refugees v. INS, 795 F.2d 1434, 1439 (9th Cir. 1986), including the counsel of his choice (at no expense to the government). 8 U.S.C. Sec. 1252(b)(2). We do not agree, however, that Baig was denied the counsel of his choice. Baig was represented by Remed at his initial hearing on March 20. Subsequently, however, Baig decided that he would rather have Remes' partner, Carliner, represent him at the June 6 proceeding. Carliner initially agreed to represent Baig on June 6, but later made arrangements to be out of the country on that date. When Baig discovered that Carliner would be unable to represent him, he moved for a continuance, which the immigration judge denied on May 29. If he was dissatisfied with Remes, Baig could have employed another attorney to represent him and present the uncomplicated evidence on simple issues of law. Instead, Baig chose not to seek other representation, nor to allow Remes (who was present at the hearing) to represent him, insisting that the hearing be continued until Carliner returned the following week. Continuances in deportation hearings, however, are normally not for short periods. The immigration judge said as much. If she had granted Baig his requested continuance, it would have been some months before another hearing could have been scheduled.
 
 
 8
 The denial of a continuance under all of the circumstances of this case cannot be equated with a deprivation of due process of law.
 
 
 9
 Likewise without merit is Baig's argument that he was denied due process when the immigration judge refused his request to keep the record open. He had two-and-a-half months in which to prepare for the hearing. Any failure to call additional witnesses or produce additional documentary evidence at the hearing can only be attributed to him. Moreover, upon learning that Baig had other witnesses that were not present at the hearing, the immigration judge offered Baig the opportunity to contact those individuals to determine if they could testify before the close of the hearing. Baig refused that offer.[2]
 
 
 10
 In view of the above, the judgment of the Board of Immigration Appeals is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 28 U.S.C. Sec. 1251 provides in pertinent part:
 (a) Any alien in the United States . . . shall, upon the order of the Attorney General, be deported who--
 * * *
 (11) . . . at any time has been convicted of a violation of . . . any law . . . [of] the United States . . . relating to a controlled substance . . ..
 8 U.S.C. Sec. 1251(a).
 
 
 [2]
 We also reject Baig's argument that it was a denial of his right to a fair hearing for the court to allow the government to introduce the sentencing memorandum of his brother, who was convicted of the same offenses as Baig. Although his brother's sentencing memorandum was inadvertently introduced instead of Baig's, the error was discovered during the course of the hearing and there is no indication that the immigration judge relied on it in making her decision